**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **SORAYA BARKER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | |
| | ) | **NO. 1:18-CV-02725-MLB** |
| **WBY, INC. d/b/a FOLLIES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION TO APPROVE PROPOSED NOTICE AND MOTION TO LIMIT COMMUNICATIONS WITH POTENTIAL CLASS MEMBERS

Defendants, through and by their counsel, file this Motion to Approve Proposed Notice and Motion to Limit Communications with Potential Class Members, and show this Court as follows:

## I.    INTRODUCTION

In October 2018, the Plaintiffs moved to conditionally certify this matter as a collective action, and submitted a proposed notice to send to potential class members. (Dkts. 23, 23-2.) Defendants timely opposed Plaintiffs' motion, and raised several objections with the proposed notice—mainly on the ground that it did not conform with the court-approved notices issued in other FLSA misclassification cases involving adult entertainment clubs. (Dkt. 61 at p. 6.)

1

On February 18, 2020, this Court granted Plaintiffs' Motion to Conditionally Certify FLSA Collective Action. (Dkt. 66.) However, this Court did not approve of Plaintiffs' proposed notice. *See generally id*. Instead, the Court "require[d] Defendants to post notice in the form approved by the Court…" (*Id.* at p. 8)(emphasis added). Pursuant to this Court's Order (at Dkt. 66) and oral instructions during the Zoom hearing on June 8, 2020, Defendants hereby submit a Proposed Notice for its approval, attached hereto as Exhibit 1, (herein "Defendants' Proposed Notice")

As detailed further below, Defendants' Proposed Notice models after the notice approved by the Court in *Stevenson v. Great American Dream, Inc*., 2013 WL 4217128, (N.D. Ga. 2013)—another FLSA misclassification case brought by adult entertainers. (*Compare* Ex. 1 and Ex. 2.)  Specifically, Defendants' Proposed Notice seeks to cure four deficiencies in Plaintiffs' Proposed Notice by:

(1) adding a brief statement of Defendants' position and defenses;

(2) correcting the dates of the opt-in eligibility period;

(3) removing language referencing "discrimination claims" which are not at issue in this case; and

(4) limit duplicative language that could be interpreted as "judicial endorsement" of Plaintiffs' position.

Shortly after this Court granted condition certification, defense conferred with Plaintiffs' counsel and discussed jointly submitting a mutually-agreeable notice. However, Plaintiffs' counsel did not agree to the modifications listed above. Rather, he insisted on using Plaintiffs' Proposed Notice, and only agreed to modify the three period to start from three years prior to the date of this Court's Order granting conditional certification (Dkt. 66).[1] But as shown below, each of Defendants' modifications would bring the Notice in this case more closely into conformity with the Notices approved in other FLSA cases, including adult entertainer misclassification cases in the Northern District of Georgia. (See infra at Section II A.)

In addition, Defendants respectfully request this Court to issue an order prohibiting communications to potential class members until this Court approves or amends Defendants' Proposed Notice. In other words, Plaintiffs' counsel should be permitted to engage in <u>unauthorized</u> communications with potential class members[2]

_____

[1] While this Court's Order (Dkt. 66) states that this Court is "certif[ying] a collective action of all entertainers and waitresses employed by Follies three (3) years from the date of this order," as shown below, prior case law establishes that the appropriate three year eligibility period starts from three years prior to the mailing date of the notice.

[2] Potential class members refers to those individuals who have not yet decided to opt-in to this lawsuit. Defendants do not seek to limit Plaintiffs' counsel's communications with individuals who have opted-in to this lawsuit to date or the named Plaintiff Soraya Barker.

while the instant Motion is pending. To allow either party to do so would derail this Court's duty to ensure that communications with potential class members are not misleading, and accurately represents information regarding this lawsuit.

## II.  ARGUMENT AND CITATION OF AUTHORITY

### A. Defendants' Proposed Notice Conforms to Other Previously Issued Notices in other FLSA Cases Involving Adult Entertainment Clubs.

The U.S. Supreme Court has recognized that a trial court has a "substantial interest in communications that are mailed for single actions involving multiple parties." *Hoffmann–La Roche*, 493 U.S. 165, 171 (1989). Accordingly, it is well within the purview of the Court to "ensure that [notices are] timely, accurate, and informative." *Id.* at 172 (emphasis added). "Courts have seen fit to modify, or even dictate, the form and content of a notice sent to putative class members." *Williams v. Grayco Cable Servs., Inc.*, 187 F. Supp. 3d 760, 768 (S.D. Tex. 2016). "Both the parties and the court benefit from settling disputes about the content of the notice…[as] [t]his procedure may avoid the need to cancel consents obtained in an improper manner." *Hoffmann–La Roche*, 493 U.S. at 172.

As noted previously (*see* Defendants' Response in Opposition to Conditional Certification (Dkt. 61 at p. 6)), Plaintiffs initially proposed a notice that contains language that materially distinguishes it from previous notices approved by the courts in other adult entertainer cases. (*See* generally Dkt. 23-2.) For example, in

4

*Stevenson*, 2013 WL 4217128 (adult entertainment case), and in *Clincy v. Galardi South Enterprises, Inc.*, 2010 WL 966639, N.D. Ga. 2009) (adult entertainment case), the Court approved notices that contained a short summary of the defendants' position and legal defenses in the pending litigation in addition to plaintiffs' position. (*See Stevenson* and *Clincy* Notices hereto attached as Exhibits 2 and 3.)  While Plaintiffs dedicate an entire paragraph to articulate their legal claims against Defendants, Plaintiffs' Proposed Notice included only one bare-bones sentence that indicated Defendants' denial of liability. As such, Plaintiffs' Proposed Notice appears one-sided on its face. To cure this issue, Defendants' Proposed Notice includes a slightly longer summary of Defendants' legal position, clarifying that Defendants are denying specific allegations in this case.

Additionally, Plaintiffs' Proposed Notice incorrectly indicates that entertainers and waitresses who worked at Follies as far back as February 6, 2016 are eligible to join this lawsuit. Although Plaintiffs' agreed to modify the opt-in eligibility period to three years prior to the date of this Court's Order (Dkt. 66), the case law is clear that the cut-off date for class membership should be the date three years prior to the issuance or mailing date of the class notice. *See Sellers v. Sage Software Inc.*, Civ. No. 1:17-cv-03614- ELR, 2018 WL 5631106 at *5 (N.D. Ga. May 25, 2018)("[T]he temporal scope of the class shall begin three years preceding

the notice mailing date."); *Olmstead v. RDJE, Inc.* No. 3:16-cv-198-TWT, 2017 WL 3769331, at *5 (N.D. Ga. Aug. 31, 2017)(listing the temporal scope of the class from "3 years prior to the mailing date" to "the mailing date"); *see also Stitt* v. *American Disposal Servs. Of Ga, Inc*., 2018 WL 6716046 at *3, (N.D. Ga. Dec. 20, 2018)(finding that the potential class only includes those who worked for defendants "three years prior to the issuance of notice.")   Likewise in *Stevenson,* the Court approved a notice that referenced a three-year period from the mailing date or issuance of the notice—and not three years from the filing of the Complaint. (*See* Exs. 2 and 3.) Here, Defendants' Proposed Notice contains the court-approved language in *Stevenson*,[3] which makes clear that potential class members do not include entertainers or waitresses who stopped performing at Follies more than 3 years before the notice's mailing date. Alternatively, the eligibility period should start—at minimum—three years from the date of this Court's Order (Dkt. 66)—as

---

[3] It is worth noting that there are minor differences between the notice approved in *Stevenson* and Defendants' Proposed Notice. These differences pertain the portion of the Opt-in form that is not filed with the Court. For instance, because there are two separate classes in this case (unlike in *Stevenson*), Defendants' Proposed Notice asks potential class members to disclose "positions held" at Follies (*i.e.* entertainer or waitress, or both). Defendants' Proposed Notice also asks potential class members to disclose approximate dates of employment. As this Court may recall, Defendants' records regarding potential dates of employment rely on DJ sign-in sheets, which only have "stage names." Therefore, collecting dates of employment from Opt-Ins will help this Court and the parties to manage the potential class of Opt-In Plaintiffs, and to screen out people who did not actually work during the relevant time period.

previously agreed to by Plaintiffs—not three years from the date of the filing of the Complaint.

Plaintiffs' Proposed Notice also includes other language materially different from the *Clincy* and *Stevenson* notices. In particular, Plaintiffs' Proposed Notice contained references to "discrimination" claims. (Dkt. 23-2 at p. 3.) Neither of the notices issued in *Stevenson* and *Clincy* referred to any "discrimination" claims. (*See* Exs. 2 and 3.) More importantly, the FLSA does not recognize any claim for "discrimination." Therefore, adding this language to the Notice is confusing and can easily be understood as a solicitation for other types of claims against Defendants— not arising under the FLSA—which is wholly inappropriate.

Additionally, unlike other court-approved notices, Plaintiffs' Proposed Notice contains more than one bold "stamp" of authorization by this Court, which may give the false impression of this Court's endorsement regarding the merits of this action, particularly when Defendants' position has been excluded. "'[C]ourts must be scrupulous to respect judicial neutrality' and to avoid 'even the appearance of judicial endorsement of the merits of the action.'" *Campeau v. NeuroScience, Inc*., 86 F. Supp. 3d 912, 918 (W.D. Wis. 2015)(quoting *Jimenez v. GLK Foods LLC*, No. 12–cv–209, 2013 WL 3936928, at *4 (E.D.Wis. July 30, 2013)(emphasis added).

Here, Defendants' Proposed Notice appropriately displays this Court's authorization "stamp" on the final page.

For all these reasons, Defendants respectfully request that this Court approve Defendants' Proposed Notice in its entirety.

**B. This Court Should Prohibit Communications to Potential Class Members Before the Notice Period.**

Defendants have produced approximately 1300 names of potential class members to Plaintiffs' counsel. However, Defendants request that this Court issue an order prohibiting either party from contacting any of these individuals until the Court has approved or amended Defendants' Proposed Notice. As mentioned above, this Court has a duty to ensure the accuracy of any notice to potential class members regarding the existence of this lawsuit. Moreover, the purpose of collective action notices are to "simply to inform potential class members of their rights." *Witteman v. Wis. Bell, Inc.*, No. 09–cv–440, 2010 WL 446033, at *3 (W.D.Wis. Feb. 2, 2010). Therefore, this Court should prohibit any pre-notice, *ex-parte* communications to potential class members since such communications may undermine this purpose by potentially containing inaccurate or even misleading information about this case that may either dissuade potential members from joining this lawsuit, or conversely, inappropriately encourage them to do so.

8

In that same vein, to the extent Plaintiffs' counsel seeks to send "reminder notices" <u>during</u> the 60-day notice period, Defendants oppose such communications, as well as any other correspondence not specifically authorized by this Court. In fact, several courts have repeatedly rejected such communications by plaintiffs—namely because these types of communications "may be interpreted as judicial encouragement to join the lawsuit," *Schroeder v. Humana Inc.,* No. 12–cv–137, 2012 WL 5931886, at *9 (E.D.Wis. Nov. 27, 2012), and because such communications "would be at odds with the purpose for judicial notice," *Robinson v. Ryla Teleservices, Inc*., CA 11-131-KD-C, 2011 WL 6667338, at *5 (S.D. Ala. Dec. 21, 2011). *See also Anish v. Nat'l Sec. Corp*., 10-80330-CIV, 2012 WL 3818283, at *2 (S.D. Fla. Sept. 4, 2012)("Plaintiff may not send out a reminder notice 10 days prior to the expiration of the opt-in period.")

Similarly, Plaintiffs should also be prohibited from sending "reminder notices" or other correspondence to potential class members during the notice period—at least not without this Court's approval of the contents of such communications.

Accordingly, this Court should not permit Plaintiffs to send such communications during the 60-day notice period, or—at minimum—require that this

Court must first approve any communications by Plaintiffs to potential class members.

## III.   <u>CONCLUSION</u>

Unlike the notice Plaintiffs, Defendants' Proposed Notice is both accurate and informative, and fairly communicates sufficient information regarding this lawsuit for the potential class members to determine whether to join this action. Defendants respectfully request that this Court approve Defendants' Proposed Notice, attached as Exhibit 1. Defendants further request that this Court limit Plaintiffs' counsel ability to contact or otherwise engage in unauthorized communications with potential class members before the notice period to avoid either side from disseminating potentially-misleading information that could unfairly sway potential class members from opting into this lawsuit and prejudice Defendants.

Respectfully submitted, this 18th day of June, 2020.

**AKERMAN, LLP**

<u>/s/ Erica V. Mason</u>
Erica V. Mason
Georgia Bar No. 141986
erica.mason@akerman.com
999 Peachtree St., NE, Suite 1700
Atlanta, Georgia 30309
Telephone: 404-733-9808
 Facsimile: 404-733-9908
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **SORAYA BARKER, et al.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **CIVIL ACTION** |
| **WBY, INC. d/b/a FOLLIES, et al.,** ) | **NO. 1:18-CV- 2725-MLB** |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing has been prepared using Times New Roman 14 point font, and that I have this date served a copy of the foregoing on opposing counsel by electronically filing same using the CM/ECF system which will automatically send email notification of such filing to the attorney(s) of record for Plaintiffs.

This 18th day of June, 2020.

AKERMAN, LLP

/s/ Erica V. Mason
Erica V. Mason

11