IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Soraya Barker, individually and on behalf of similarly situated persons,

    Plaintiffs,

Case No. 1:18-cv-2725-MLB

v.

WBY, Inc., et al.,

    Defendants.

_____/

## OPINION & ORDER

Plaintiff Soraya Barker sued to recover unpaid minimum and overtime wages guaranteed by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). She sued individually and on behalf of similarly situated persons. The parties jointly moved to settle. (Dkt. 167.) On May 17, 2021, the Court approved the FLSA settlement, finding Plaintiff is the prevailing party within the meaning of the FLSA. (Dkt. 168 at 1.) In accordance with the settlement, Plaintiff filed two fee petitions—one for Ainsworth G. Dudley and one for Jones & Walden LLC.

(Dkts. 169; 171.)  Defendants filed responses contesting the amounts requested.  (Dkts. 176; 177.)

## I.  Background

Defendant WBY, Inc. operates a strip club in the Atlanta area. Plaintiff, individually and on behalf of similarly situated waitresses and dancers, initiated a collective action under the FLSA against Defendant WBY and its owners (Defendants Steve Youngelson and Surrey White). (Dkt. 1.)  The parties jointly moved to settle Plaintiff's claims related to unpaid wages as a waitress (but not her claims arising from the alleged employment as a dancer).  (Dkt. 167.)  The Court approved that settlement agreement.  (Dkt. 168.)  Plaintiff filed two fee petitions.  (Dkts. 169; 171.)

## II.  Standard of Review

Under the FLSA, a court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by defendant."  29 U.S.C. § 216(b).  "The starting point for determining . . . a 'reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The product of these two figures is the lodestar." *Id.* (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66 (1986)). The lodestar can be adjusted. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). The Court has discretion in determining the amount of an award, but "[t]he court's order on attorney's fees must allow meaningful review [and] must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988). "If the court disallows hours, it must explain which hours are disallowed and show why an award of [the] hours would be improper." *Id.* (citing *Hill v. Seaboard Coast Line R. Co.*, 767 F.2d 771, 775 (11th Cir. 1985)); *see also Bivins*, 548 F.3d at 1351 (reductions to requested hours must be concisely and clearly explained). "Ultimately, the computation of a fee award is . . . an exercise of judgment, because there is no precise rule or formula for making these determinations." *Embree v. Medicredit, Inc.*, 752 F. App'x 697, 699 (11th Cir. 2018) (quoting *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001)). The district court is "an expert on the question and may consider its own knowledge and

experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of testimony of witnesses as to value." *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940).[1] Plaintiff, as the party seeking an award of fees, bears the burden of demonstrating the reasonableness of the attorney hours worked and the rates claimed. *See Hensley*, 461 U.S. at 437.

## III. Discussion

### A. Mr. Dudley

Mr. Dudley seeks $5,220 in fees.[2]  (Dkts. 169 at 1; 180 at 5.)

#### 1. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781 (citing *Norman*, 836 F.2d at 1299); *see also Weissinger v. Murray*, No. 1:06-CV-1544, 2009 WL 1971612, at *4 (N.D. Ga. July 2, 2009)

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] Mr. Dudley originally sought $6,840 in attorneys' fees, but in Plaintiff's reply, she voluntarily reduced her fee request by 3.6 hours and requests an award of $5,220. (Dkt. 180 at 5.)

4

("Prevailing market rates are those rates that are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.") "Generally, the 'relevant legal community' is that of the place where the case is filed." *Spurlock v. Complete Cash Holdings, LLC*, No. 4:19-CV-219, 2021 WL 1960634, at *3 (N.D. Ga. May 14, 2021) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

An attorney's normal billing rate "is the best evidence of his [or her] market rate, although that information is not necessarily conclusive." *Weissinger*, 2009 WL 1971612, at *4; *see also Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) ("What [an attorney] charges clients is powerful, and perhaps the best, evidence of his [or her] market rate.") Reasonableness, however, does not require the parties to choose the cheapest attorneys. *See Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983). The court can look either to affidavits or to "its own knowledge and experience concerning reasonable and proper fees" to form an "independent judgment" of the reasonableness of the hourly rate. *Loranger,* 10 F.3d at 781; *Norman*, 836 F.2d at 1303 ("It is perfectly proper to award attorney's fees based

5

solely on affidavits in the record."). "[T]he court cannot simply substitute its own judgment for uncontradicted evidence without an explanation and record support." *Weissinger*, 2009 WL 1971612, at *4.

Plaintiff contends Mr. Dudley's hourly rate of $450 is "well within the range of rates in the Atlanta Market for an FLSA litigator who has practiced for 30 years." (Dkt. 169-1 at 2.) Plaintiff claims this rate is supported by (1) Mr. Dudley's declaration, (2) expert testimony of Harlan Miller, Esq., (3) the hourly rate of $450 already awarded by Judge Sacca, and (4) Larry Pankey's declaration. (Dkts. 169-1 at 7; 180 at 2–3.)

The Court agrees. Mr. Dudley received his B.A. from the University of Georgia in 1986 and J.D. from Mercer Law School in 1990. (Dkt. 169-2 ¶ 12.) He has been a member of the Georgia Bar in good standing since 1990. (*Id.* ¶ 13.) Mr. Dudley has practiced employment law for thirty years, focusing almost exclusively on FLSA cases for the last fifteen years. (*Id.* ¶ 15.) He has litigated and arbitrated hundreds of claims under the FLSA, including misclassification cases. (*Id.* ¶¶ 16–19.) For FLSA work, Mr. Dudley is typically compensated on a contingency fee basis. (*Id.* ¶ 21.) His typical agreement (and his agreement with Plaintiff) permits him to recover 35% of Plaintiff's recoveries or his hourly

6

rate for the time billed. (*Id.* ¶¶ 21–22.) When Mr. Dudley started this case, his hourly rate was $450. (*Id.* ¶ 21.) Mr. Pankey, another employment attorney, testified by declaration that he is "very familiar with Mr. Dudley's reputation, litigation skills and legal ability as well as the reputation of his firm." (Dkt. 180-1 ¶ 7.) According to Mr. Pankey, he and Mr. Dudley "have very similar practices, work at similar firms and litigate against many of the same employers." (*Id.*) Based on his experience, Mr. Pankey believes "a rate of $450 per hour for Mr. Dudley's work is well within the range of hourly rates for attorneys of comparable skill and reputation." (*Id.*) Indeed, he says Mr. Dudley could reasonably charge "in excess of $500 an hour." (*Id.*) The Court, relying on affidavits and its own experience, finds Mr. Dudley's rate reasonable.

### 2. Reasonable Number of Hours

Mr. Dudley can only recover fees for hours "reasonably expended" during litigation. *Loranger*, 10 F.3d at 782. The number of hours is reviewed by the "hour-by-hour rule" set forth by *Norman*. *Id.* ("Implicit in the *Norman* hour-by-hour rule is the assumption that a district judge can feasibly and expeditiously engage in such a precise review.") "[T]he court exercises its discretion in determining what constitutes reasonable

7

hours." *Am. Atheists, Inc. v. City of Starke*, 509 F. Supp. 2d 1221, 1226 (M.D. Fla. 2007) (citing *Gray v. Lockheed Aeronautical Sys, Co.*, 125 F.3d 1387 (11th Cir. 1997)).

Plaintiff contends the number of hours is reasonable because, among other things, the hours are fully documented by detailed time records and Plaintiff's counsel has exercised billing judgment and discretion by voluntarily reducing hours unrelated to the prosecution of the minimum wage claims for Plaintiff's work as a waitress. (Dkt. 169-1 at 2, 8–16.) Defendants object to 6.1 hours as unreasonable. (Dkt. 176 at 7.) They contend these hours must be reduced to exclude time entries representative of unnecessary work, clerical work, and work that was completed on behalf of Plaintiff and other Opt-In Plaintiffs and their adult entertainer claims. (*Id.*)

Defendants argue 4.1 hours should be reduced as unnecessary. (*Id.* at 7.) Defendants first object to a time entry for research about waitress claims, tip outs, kickbacks, tip credit provisions, and record keeping. (Dkts. 176 at 7; 176-1 at 1.) Plaintiff agrees this time entry is non-compensable and withdraws that request. (Dkt. 180 at 4.) Defendants next object to the other time entry on September 28, 2016 for a conference

with Plaintiff regarding waitress claims.³ (Dkts. 176 at 7; 176-1 at 7.) Plaintiff also withdraws this request. (Dkt. 180 at 4.) Defendants argue the time entry for reviewing document production text messages and other documents demonstrating waitress schedule should be excluded. (Dkts. 176 at 7; 176-1 at 1.) Plaintiff contends this time entry involves work at mediation to calculate Plaintiff's damages which was necessary to prosecute and settle Plaintiff's FLSA claims. (Dkt. 180 at 4–5.) The Court finds these hours reasonable.

Defendants also ask the Court to exclude time entries for work that was for the benefit of all Plaintiffs in the case (i.e., drafting complaint and initial disclosure (1 hour)) or for the benefit of Plaintiff's adult entertainer claim (i.e., reviewed damages and telephone conference with Plaintiff Barker (.8 hours)). (Dkt. 176 at 8.) The Court agrees as to the time entry for review of damages and telephone conference with Plaintiff Barker. (Dkt. 176-1 at 1.) "Time expended independent of the relevant federal litigation is not compensable. The Supreme Court has clearly stated that '[t]he time that is compensable . . . is that reasonably

---

³ Defendants highlight the incorrect time entry in docket 176-1, but the Court analyzes the time entry on September 28, 2016 for a conference with Plaintiff Barker.

9

expended on the litigation.'" *Loranger*, 10 F.3d at 782 (citing *Webb v. Board of Educ. of Dyer Cnty., Tenn.*, 471 U.S. 234, 242 (1985)). The Court thus will not award time not expended on *this* litigation. The Court will thus only award a pro-rata share of 50%—a reasonable estimate of how much work went towards Plaintiff's waitress claim. This ensures Mr. Dudley receives fees for a portion of joint work to reflect the benefit that work had on Plaintiff for the claim on which she has prevailed. The Court reduces the award by .4 hours.

Defendants finally argue Mr. Dudley's fee petition includes .2 hours for clerical work.[4] (Dkt. 176 at 9.) These .2 hours include preparing ccs to Plaintiff Barker and Rezac regarding W9s and reviewing cc from Plaintiff Barker. (Dkt. 176-1 at 1.) "A fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment." *Norman*, 836 F.2d at

---

[4] Defendants contend the entries are indicated by orange highlighting in docket 176-1, but there is no orange highlighting in that exhibit. (Dkts. 176 at 9 n.9; 176-1.) The Court believes Defendants instead highlighted these time entries in green.

1306. The Court finds preparing carbon copies is clerical, non-compensable work. The Court reduces the award by .2 hours.

In all, the Court reduces Mr. Dudley's requested fees by .6 hours ($270).

### B.  Jones & Walden LLC

Jones & Walden seeks $8,040 in attorneys' fees. (Dkt. 171 at 2.) Three attorneys (Leon Jones, Leslie Pineyro, and John Wright) and one paralegal (Ellen Wooden) worked on this case. (Dkt. 171-1 ¶ 5.)

#### 1.  Attorney-Client Relationship

Defendants contend Mr. Jones was never retained by, and has no fee agreement with, Plaintiff, and therefore cannot recover fees as an attorney. (Dkt. 177 at 4–5.) Plaintiff contends (1) this issue is barred by collateral estoppel or, alternatively, (2) the Court should reject Defendants' argument on the merits because Mr. Dudley was authorized to utilize help from investigators, paralegals, law students, or associates licensed to practice law in Georgia. (Dkts 178 at 2–3.)[5]

---

[5] Plaintiff incorporates by reference arguments made in *Constance Smith and Courtney Ellington v. WBY, Inc. d/b/a Follies et al.*, No. 16-cv-4017, Dkt. 94. The Court cites to that docket as "*Smith*, No. 16-cv-4017."

11

Plaintiff claims Defendants' argument is precluded by collateral estoppel because the Bankruptcy Court denied Defendants' motion asserting Jones & Walden had not been engaged by certain claimants. (Bk Dkt. 630.)[6]  The motion before Judge Sacca was Defendants' motion for a determination of invalidity of Mr. Dudley's claimants' proofs of claim.  (*Id.*)  In that motion, Defendants argued neither Mr. Jones nor Mr. Dudley had permission to execute proofs of claim on behalf of *certain* claimants.  (*Id.* at 1.)  First, that motion never mentions Plaintiff Barker, making it appear irrelevant.  (*See generally* Bk Dkt. 630.)  Second, a proof of claim filed in a bankruptcy case must be executed by the creditor or by the creditor's **authorized agent**.  *See* Fed. R. Bankr. P. Rule 3001(b) ("A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.").  In his oral ruling, Judge Sacca stated:

> [Mr. Dudley's Contract for Services] does provide for Mr. Dudley to have associates and I believe that Mr. Jones has – basically Mr. Dudley associates Mr. Jones here and so I think Mr. Jones is certainly within the scope of this [Contract for

---

[6] On February 5, 2016, Defendant WBY filed a voluntary petition for relief under Chapter 11 of the Title 11 of the United States Code. (*In re: WBY, Inc.*, No. 16-52291-JRS, Bk Dkt. 1.)  The Court cites to the bankruptcy docket as "Bk Dkt."

> Services] and Mr. Jones and Mr. Dudley have been active, and we've all relied on that . . .
>
> Mr. Dudley was retained to represent these people in connection with fair labor standards of practice claims, and, you know, I think the language is broad enough to include this bankruptcy case and he's authorized to protect their interest . . .

(*Smith*, No. 16-cv-4017, Dkt. 94-3 at 2–3.) Plaintiff simply states the Court should apply collateral estoppel and reject Defendant's recycled argument because Defendants "raised the issue, briefed it, presented oral argument on it, and lost on the issue." (*Id.* at 3–4.) "The party seeking to invoke collateral estoppel bears the burden of proving that the necessary elements have been satisfied." *Matter of McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989). Plaintiff does not even list the necessary elements. The Court thus finds Plaintiff's argument about collateral estoppel unpersuasive.

The Court nevertheless concludes Jones & Walden and Plaintiff have an attorney-client relationship. Before an attorney can recover fees and costs under the FLSA, there must be evidence of an attorney-client relationship. *See Miller v. Amusement Enters., Inc.*, 426 F.2d 534, 538 (5th Cir. 1970) ("[W]hat- and all- that is required is the existence of a relationship of attorney and client."). In Georgia, although "an attorney-

13

client relationship generally is a matter of express contract, it may be implied from the conduct of the parties." *Cleveland Campers, Inc. v. R. Thad McCormack, P.C.*, 635 S.E.2d 274, 276 (Ga. Ct. App. 2006). "[T]he employment is sufficiently established when it is shown that the advice or assistance of the attorney is sought and received in matters pertinent to his profession." *Guillebeau v. Jenkins*, 355 S.E.2d 453, 457 (Ga. Ct. App. 1987).

> While the payment of a fee is relevant to the inquiry and may in some circumstances be controlling, an attorney-client relationship may be found to exist where no fee is paid[,] and the payment of a fee does not necessarily demonstrate the existence of the relationship. All that is necessary is a "reasonable belief" on the part of the would-be client that he or she was being represented by the attorney. A reasonable belief is one which is reasonably induced by representations or . . . conduct on the part of the attorney.

*Calhoun v. Tapley*, 395 S.E.2d 848, 849 (Ga. Ct. App. 1990) (internal quotations and citations omitted).

Plaintiff testified she remembered signing her agreement with Mr. Dudley. (Dkt. 177-1 at 6:5–6.) She also testified she "signed a lot of papers between now and then, but [she doesn't] recall what they said." (*Id.* at 6:3–9.) She first testified Mr. Jones was "[a]nother lawyer that was on [her] case – or person." (*Id.* at 6:15–18.) But then testified she

14

was not sure if Mr. Jones was a lawyer or just another type of legal professional. (*Id.* at 6:21–23.) Under Georgia law, all that is necessary is a "reasonable belief" on the part of the would-be client that he or she was being represented by the attorney. *Calhoun*, 395 S.E.2d at 849. The Court finds Plaintiff had a reasonable belief Mr. Jones was representing her. The Court thus finds there is an attorney-client relationship.

### 2. Reasonable Hourly Rate

Plaintiff seeks each billing person's current hourly rate. *See Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 547 (S.D. Fla. 1998), *aff'd*, 899 F.2d 21 (11th Cir. 1990) ("The use of current rates, as opposed to historical rates, compensates counsel for inflation and delay in receipt of payment."). Plaintiff seeks fees for three attorneys and one paralegal. (Dkt. 171-1 ¶ 5.) Plaintiff supports these individuals' hourly rates by listing each person's position and years in practice. (*Smith*, No. 16-cv-4017, Dkt. 94-4 at 1.) Mr. Jones is a partner with 33 years of experience, seeking an hourly rate of $400. (*Id.*) Leslie Pineyro is a partner with 15 years of experience, seeking an hourly rate of $375. (*Id.*) John Wright is an associate with 12 years of experience, seeking an hourly rate of $275. (*Id.*) Ellen Wooden is a paralegal with 10 year of experience, seeking an

hourly rate of $125. (*Id.*) After reviewing the attorneys' and paralegal's years of experience and relevant case law, the Court determines these hourly rates are reasonable. *See Thomas v. Grease Guard, LLC*, No. 1:14-CV-619, 2018 WL 1137183, at *2 (N.D. Ga. Jan. 5, 2018) (finding rates for the partner and associate of $400 and $275 respectively to be consistent with the prevailing market rates in this legal community); *Walker v. Commissioner, Soc. Sec. Admin.*, 844 F. App'x 104, 106, 109 (11th Cir. 2021) (the magistrate judge looked to other district court cases to determine "that $125 per hour was a reasonable rate" for work comparable to that of a paralegal); *Nat'l Life Ins. Co. v. Alembik-Eisner*, 582 F. Supp. 2d 1362, 1372 (N.D. Ga. 2008) (finding paralegal fees of $125/hour were reasonable).

### 3. Reasonable Number of Hours

Plaintiff contends Jones & Walden should recover for 23.3 hours. (Dkt. 171-1 at 6.) Defendants argue the number of hours should be reduced because they include clerical tasks, impermissible block billing, and vague time entries. (Dkt. 177 at 2.) They contend the fee petition includes three time entries for clerical work: (1) "review and calendar

16

MTD in USDC"; (2) "revise draft, finalize and upload Order";[7] and (3) "revise Plaintiff's surreply . . . consolidate pleadings for filing." (Dkt. 171-1 at 7.) The Court agrees reviewing and calendaring the motion to dismiss is clerical and will reduce the fee award by $40. *See Brown v. Lambert's Café, III*, No. 15-0029, 2016 WL 325131, at *10 n.14 (S.D. Ala. Jan. 27, 2016) (excluding as clerical hours spent "adding dates to the calendar from the Court's scheduling order"). The Court notes Plaintiff also does not respond to the objection to that time entry. (Dkt. 178-1 at 4.) The Court finds the work in the other two entries is not clerical.

Defendants also argue five time entries should be considered impermissible block billing because they combine several tasks into one time entry—sometimes combining compensable and non-compensable tasks. (Dkt. 177 at 8.) These time entries: (1) "Review Motion to Dismiss brief in District Court; t/c with AGD (Barker Case)"; (2) "Telephone Conference with AGD; conf with JW re response to MTD in Barker USDC action (.8); prep response (1.0)"; (3) "Review response options and email

---

[7] Defendants misstate Ellen Wooden's 7/19/2018 docket entry. (Dkt. 177 at 7.) That entry states, "[r]evise draft Response and email same to A. Dudley (0.5); additional revisions (0.3); email to and telephone call with A. Dudley (0.1); finalize response and email same to A. Dudley (0.3)." (Dkt. 171-1 at 5.)

17

to A Dudley (barker matter) (.3)"; (4) "Review district court docket and research (Barker)(.3)"; and (5) "Email re sur-reply brief USDC; research same; finalize sur-reply." (Dkt. 177-2 at 2.) The Court finds the first, third, and fourth time entries insufficient to establish reasonableness. The Court reduces the fee award by $345.

Defendants finally contend three time entries are vague or provide no details about the subject matter of the tasks or internal communications between Mr. Dudley and Mr. Jones. (Dkt. 177 at 8.) These time entries state: (1) "Conference with LP; conference with JW; call with AGD (re USDC brief)"; (2) "Prepare response to Motion to Dismiss in ESDC (Barker) (2.0); email exchange and further revisions (.3)"; and (3) "Review DeJonker email (Follies counsel) re Follies to renegotiate the estimate of the Barker claim (.1); conference with AGD re same (.1)." (Dkt. 177-2 at 2.) After reviewing Plaintiff's supplementation to these time entries, the Court finds they are not vague since the first two were about Defendants' motion to dismiss and the third was about the motion to estimate. *See Drew v. Mamaroneck Capitol, LLC*, No. 5:17-CV-149, 2018 WL 3232779 (M.D. Ga. July 2, 2018) (accepting supplemental descriptions of time entries).

18

The Court thus reduces the total requested fee award by $385—that is the $40 and $345 identified above.

## IV. Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for an Award of Attorneys' Fees and Costs Under the FLSA for Ainsworth G. Dudley. (Dkt. 169.) The Court **ORDERS** Defendants to pay Mr. Dudley $4,950 in fees.

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion and Combined Brief for an Award of Attorney Fees and Costs Under the FLSA for Jones & Walden LLC. (Dkt. 171.) The Court **ORDERS** Defendants to pay Jones & Walden LLC $7,655 in fees.

**SO ORDERED** this 15th day of September, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE